**LAUREN ANDERSEN**
BOX 500, 126 MAIN STREET
COLD SPRING HARBOR, NEW YORK 11724
PHONE: 516-934-1985
MYHUMANRIGHTS2@GMAIL.COM

March 17th, 2022

Brenna B. Mahoney
Clerk of Court
US District Court, Eastern District
225 Cadman Plaza E.
Brooklyn, NY 11201

*Re: Andersen v. British Airways (BA) et. al., 22-cv-1045 SDNY*

Dear Ms. Mahoney:

  I am writing about Judge Laura Swain's order dated March 14th to transfer my case under 28 U.S.C. § 1404 to the Eastern District.  I had avoided EDNY for a good reason, which is that one of my main defendants, Northwell Health, is Long Island's largest employer by a significant margin (over 30,000 employees).  It is nearly impossible to find anyone on the Island who does not have dealings with this company and its many business associates, and I have had many problems over my decade of litigation due to this company's abuse of its political power on Long Island.  Former Congressman Pete King is a also defednet and Long Island is also his stomping grounds.  My new case has just as many defendants and facts from Manhattan as from Long Island, so Judge Swain's argument about venue is contrived.

  Furthermore, please note my observation that the Southern District heard for example Virginia Giuffre's recent civil case against the Duke of York (21-cv-06702), while neither of them was resident in New York, and any events that purportedly took place in New York did so several decades ago.

  So, I think that what has happened here is prejudice against me by Judge Swain, likely for political reasons since she comes from the same side of the aisle as most of the defendants.  Simply kicking my case to the curb and then shoving its lifeless form over to Northwell's backyard – as she has done – could give this malicious company an unfair advantage over me. Judge Swain has not given me the opportunity for a rebuttal, which also prejudices me.  Also, I have discovered that the EDNY *pro se* clerk is not taking *pro se* filings by email as SDNY does, so papers have to be sent by mail to the clerk and scanned, making this a more cumbersome and expensive process and also prejudices me.  It is hard enough to litigate *pro se* as it is, without this rigmarole.

  Also, Touro College Law School will be a defendant in the related case that I will file shortly.  My previous US District Court judges at Islip (in *Andersen v. North Shore Long Island Jewish Health System (NSLIJ) et. al,* index no. 12-CV-1049), Judge Joseph Bianco and Magistrate Arlene Lindsay, were both on the faculty of Touro College Law School, which was a conflict for them because Northwell (formerly NSLIJ) was and is a major benefactor of Touro.  Both organizations were created under Jewish auspices.  A 2014 NSLIJ press release about a large

donation that it made to Touro Law School says "Touro College was chartered in 1970 primarily to enrich the Jewish heritage".

These judges' faculty positions have violated Canon 2C of the Code of Conduct for United States Judges, as discussed in my letter to Judge Swain of March 7th. Judge Bianco was a professor of national security law at Touro until 2014, and Magistrate Lindsay appears to still be on the faculty, according to her bio on your website. Unfortunately, at the time *Andersen v. NSLIJ* was being litigated I did not know about recusal, otherwise I certainly would have asked for theirs.

I mention this to you now because I would like to avoid similar types of bench conflicts occurring with *Andersen v. BA*. It would be inappropriate for Magistrate Lindsay to be assigned, since she is conflicted by her Touro job, and she prejudiced me in Andersen v. NSLIJ. She failed to acknowledge my disabilities, and ignored the fact that I had a valid cause of action for discrimination. This was even after Magistrate Boyle said "I find that plaintiff has pled facts sufficient to support her allegation that she is 'disabled' within the meaning of the ADA." (document #75, page 12). Judge Lindsay's R&R was condescending and made a mockery of the ADA. Her failure to acknowledge that NSLIJ discriminated against me based on disability was in and of itself discriminatory based on disability.

In February, the *Daily News* reported that Magistrate Lindsay ordered a Metropolitan Correctional Center employee to explain what happened to Richard Quinn, a mentally ill inmate who sources said was left in a holding cell in lower Manhattan for 24 hours.[1] So why didn't she order NSLIJ to substantiate my 18-day detention and torture? So hypocritical.

I ask for my case to be assigned to a judge and law clerk who do not have material conflicts of interest with the Defendants or their affiliates, or my competitors in the pharmaceutical industry (such as Lilly, J&J and Pfizer) which openly give emoluments to Northwell doctors, or the various New York City, Nassau and Suffolk county, NY state, federal or British government politicians and agencies involved. Such conflicts of interest on the benches have caused me great difficulties over a decade of litigation (see *Andersen v. BA*, amended complaint). NB: I am not going so far as to suggest that my judges should not have moderate amounts of pharma or UnitedHealthcare stocks in their portfolios.

To avoid conflict with the new related case, please note that it will include as defendants (*inter alia*) former Governor Andrew Cuomo, the NYPD, Nassau County, the attorney grievance committee Chairmen of the first, third, ninth and tenth judicial districts, the Chairman of the NYS Commission on Judicial Conduct, and two Mental Hygiene Legal Service attorneys. As in *Andersen v. BA*, these defendants are almost exclusively left-leaning organizations and Democrat individuals – many with ties to the former Governor.

I think it would be difficult to find a Democrat judge who would not be conflicted. I was unable to find an unconflicted bench in ten years of trying, in five different courts. My cases – whose defendants are mostly Democrats – have been improperly and repeatedly assigned to conflicted liberal federal and state court judges, whom I listed in my letter to Judge Swain – ten liberals and only five conservatives – an imbalance that cannot likely be explained by a

---

[1] "Judge orders official from NYC federal jail to testify about mentally disabled inmate's care", Stephen Rex Brown, NY Daily News, Feb. 7, 2021.

malfunctioning random computer number generator. These unsuitable bench assignments ventured far beyond possible error, into the realm of harassment.

When I wasn't improperly assigned a Democrat judge, I was given a judge biased in other ways, such as Judge Bianco, who in addition to his Touro faculty job also moonlights as a Catholic Deacon for the Diocese of Rockville Center. This Diocese owns two hospitals that have psychiatric inpatient services, which are part of CSHLI (Catholic Health). I have nothing against CSHLI, but a decision against NSLIJ in my case could have created case law that could have been used against CHSLI. How has Judge Bianco been allowed to hold such a position while being also a sitting federal judge? There is a First Amendment separation of church and state problem here – in addition to the aforementioned synagogue and state problem.

Judge Bianco also has strong links to the national intelligence services, which was and is a problem for my litigation. Formerly, as an Assistant US Attorney, Bianco brought cases against – inter alia – Mokhtar Haouari (the failed LAX bomber) and Ihab Ali Nawawi (Osama bin Laden's personal pilot and messenger).[2] Judge Bianco's dismissal of my case was a validation of the prohibited methods of extrajudicial punishment that Northwell used on me – including enhanced interrogation – which the intelligence services have been criticized for using on terrorist detainees (see *Andersen v. BA* amended complaint, pp. 83-89). So, his intelligence background was also a conflict of interest for Judge Bianco. I wrote to the clerk of the Second Circuit about Judge Bianco's bias a year ago, but she rejected my complaint saying that it was too many pages. I have not gotten around to editing it yet.

The foregoing illustrates why I am still banging my head against the courthouse walls after a decade. Please try to assign a judge who is unbiased for a change, because the others have wasted judicial resources and thousands of hours of my time.

I am sorry this matter is so encumbered by political baggage. However, I feel that the court system should eliminate its own conflicts of interest and not expect traumatized, disabled, underfunded *pro se* plaintiffs to do that for it.

Thanks in advance for your cooperation.

Sincerely,

*[signature]*

Lauren Andersen
Plaintiff, *pro se*


cc: Judge Laura Swain

---

[2] https://vettingroom.org/?s=bianco